UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
DYLAN RAY HILLABUSH,

                           **Plaintiff,**

                    -against-

JANET LOUISE YELLEN,

                          **Defendant.**

---------------------------------------------------------- x

1:24-mc-00579 (ALC)

**ORDER OF DISMISSAL**

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous case. Plaintiff styles this application as a "Certificate of Exigent Circumstances" and attaches tax deficiency notices addressed to him from the New York State Department of Taxation and Finance, on which he has written "Refusal for Cause." ECF No. 1 at 1, 5–12. Plaintiff asks the Court to "issue a writ of garnishment on Janet Louise YELLEN should this harassment from the State of New York continue." *Id.* at 2.

      Plaintiff's application is not proper as a miscellaneous action. "The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 3:23-mc-00004 (MED), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023); *see also* District Clerks' Manual § 4.03(a)(1)(ii)–(xvi). Initiating an action as a miscellaneous case may be appropriate in matters involving:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*In re Varholy*, 2023 WL 4236044, at *1 (citing District Clerks' Manual § 4.03(a)(1)(ii)–(xvi)).

The relief that Plaintiff seeks does not fall into one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice to Plaintiff commencing a new civil action, if desired. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure provides that all parties, including litigants proceeding *pro se*, certify by presenting any paper to the Court that they have made a reasonable inquiry that the legal contentions are warranted and the pleading is not presented for harassment or an improper purpose.

For the foregoing reasons, the Court **DISMISSES** this action without prejudice. The Clerk of Court is respectfully directed to terminate ECF No. 1 and close this action.

**SO ORDERED.**

**Dated:**   **December 27, 2024**
        **New York, New York**

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**